UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BYRON G. MARTIN, | ) | CV F   CV F 03 6835 OWW LJO P |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (DOC. 20) |
| v. | ) | |
| DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS, et. al. | ) | ORDER DIRECTING THE CLERK OF COURT TO SENT PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. | ) | |

Byron G. Martin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 14, 2003, in the U.S. District Court for the District of Vermont. The action was transferred to this Court on December 4, 2003.

On April 2, 2004, the Court dismissed the Complaint with leave to amend finding that Plaintiff failed to state a claim against the Director of the California Department of Corrections or the Warden of Avenal State Prison, wherein the allegations in the Complaint arose.

On May 3, 2004, Plaintiff filed an Amended Complaint. On July 15, the Court again dismissed the Complaint with leave to amend because Plaintiff again failed to state any cognizable claims.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

While a prisoner in Avenal State Prison in California, at approximately 5:30 pm on April 4, 2001, the Plaintiff claims that he was beaten by a correctional officer for no legitimate reason. Insulting words were exchanged between the Plaintiff and Defendant Doe #1, a correctional officer at the facility. Defendant Doe #1 then ordered the Plaintiff outside even though the yard was closed at this time. The Plaintiff and Defendant Doe #1 went outside followed by Defendant Doe #2, who witnessed the entire incident but did nothing to stop it. The Plaintiff was told to put his hands against the wall and complied, Defendant Doe #1 proceeded to kick the Plaintiff's ankles apart so far that he began to lose his balance. The Plaintiff regained his balance and told Defendant Doe #1 that the abuse was not necessary. Then Defendant Doe #1 handcuffed the Plaintiff in back so tightly that the Plaintiff's hands turned red and began to swell. Defendant Doe #1 then grabbed the Plaintiff by the handcuffs and swung him around and let go so that the

Plaintiff fell to the ground landing on his shoulder causing injury and bleeding. While on the ground Defendant Doe #1 made a threatening comment (Amended Complaint at 8) and then proceeded to push the Plaintiff's head into the concrete. Plaintiff contends that he did nothing to warrant the abuse by the correctional officer, fully complied with every request, and did not strike back when the abuse was taking place. Two other correctional officers then arrived, the incident was documented, and a taped interview was made of the Plaintiff while he bled from his arm, shoulder, and head.

The Plaintiff claims that Defendant Doe #1 lied about the incident, accusing the Plaintiff of kicking him. The Plaintiff also claims that he was found guilty of assaulting the officer by the prison disciplinary committee where he was not allowed to call witnesses at the hearing and, as a result, spent 10 months in segregation and two extra months in prison.

**C.  CLAIMS FOR RELIEF**

**1. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named Defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

**2. Excessive Force**

The use of excessive force by a prison official violates the eighth amendment. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992). Determining whether there has been an eighth amendment violation turns upon " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " See id. at 6 (*quoting* Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986)).

To prevail on an excessive force claim, an inmate must show the official applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to maintain or restore discipline." Id. at 4-5, 7, 112 S.Ct. at 999. Such factors as the need for the application of the force, the relationship between the need for the application of force and the amount of force used, and the extent of injury inflicted are relevant to the ultimate determination. Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986). An inmate, however, does not need to have suffered an injury to establish an Eighth Amendment violation. Hudson, 503 U.S. at 7.

The Supreme Court has further held that not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (*citing* Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (*cert. denied sub nom.* Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

In this case the Plaintiff has succeeded to allege sufficient facts to state a cognizable claim of excessive force by Defendant Doe #1. The Plaintiff alleges that most of the harm occurred after he was handcuffed and peacefully complying with the officer's demands. Plaintiff alleges that the force used was excessive under the circumstances because he did not disrupt or pose a threat to the prison atmosphere and did not initiate any type of violence or retaliate in response to the abuse.

### 3. Failure to Protect

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d 1237 at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer v. Brennan, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. at 834 (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.

Plaintiff alleges that Defendant Doe #2 was aware of and disregarded an excessive risk to Plaintiff's health and safety when he witnessed the entire incident without intervening. The Plaintiff has succeeded in alleging sufficient facts to state a cognizable claim of deliberate indifference against Doe #2.

### 4. Supervisory Liability

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has failed to alleged any facts indicating that the Warden of Avenal Prison at the time the incident occurred personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.

**5. Due Process**

  **a. Disciplinary Hearing**

    **I. 10 Months in Segregation**

Here, the Plaintiff alleges a due process violation by the members of the disciplinary committee for failing to allow him to call witnesses. The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68, overruled on other grounds (1983). In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held that states created protected liberty interests by way of mandatory language in prison regulations. Id. at 481-84. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Where a protected liberty interest exists, the Supreme Court has set out the following procedural due process requirements for disciplinary detention of a prisoner: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly

hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

Plaintiff has no liberty interest in being free from disciplinary segregation. Assuming that Plaintiff does have a liberty interest in remaining free from disciplinary segregation, Plaintiff has failed to state a cognizable claim for a due process violation because Plaintiff named the hearing committee as Defendant Doe#4 and the committee is not a person. Plaintiff has also failed to state sufficient facts showing an actual connection or link between the actions of any of the named Defendants and the deprivation alleged to have been suffered, he merely alleges a general violation of his constitutional rights.

**ii. Credit Loss**

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Here, the Plaintiff challenges the disciplinary finding as based on false information. This is a direct challenge to the validity of that finding and must first be invalidated via a habeas corpus action. Where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (*citing* Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641,

7

648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). To the extent Plaintiff challenges any credit loss, his due process claim is barred until such time as Plaintiff invalidates the result of the disciplinary hearing.[1]

**6. Doe Defendants**

The use of Doe defendants is generally disfavored. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (*quoting* Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). In addition, the United States Marshal cannot initiate service of process on unknown defendants. As Plaintiff is given the option to amend, he should make every effort to ascertain the actual names of the Defendants in doing so.

**D. CONCLUSION**

The Court finds Plaintiff's Complaint states a cognizable Eighth Amendment claim against Defendant Doe #1 for excessive force and against Doe #2 for deliberate indifference. However, Plaintiff's Complaint does not contain any other cognizable claims for relief. As such, the Court will grant Plaintiff the opportunity to file an Amended Complaint to cure the deficiencies, or, in the alternative, notify the Court in writing whether Plaintiff intends to proceed directly with those claims found to be cognizable. Plaintiff should note that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to prior pleadings.

In the event Plaintiff wishes to proceed on the cognizable claims, the Court will issue Findings and Recommendations to dismiss those claims not cognizable. The Court will then forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to effect service on the Defendants. Upon the return of these forms, the Court will direct the US Marshal to initiate service of process on Defendants.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend. Within THIRTY (30) days

---

[1] As demonstrated by Plaintiff's complaint, Plaintiff's attempt to invalidate the result of the disciplinary hearing via the inmate appeals process was unsuccessful. (Second Amended Complaint 15 of 23.)

8

from the date of service of this order, Plaintiff SHALL either:

    a.    File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b.    Notify the Court in writing that he does not wish to file an Amended Complaint and instead wishes to proceed on the cognizable claims for relief set forth in this Order.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:**   **June 5, 2006**            /s/ Lawrence J. O'Neill
b9ed48                              UNITED STATES MAGISTRATE JUDGE