# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON G. MARTIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DIRECTOR OF CALIFORNIA<br>DEPARTMENT OF CORRECTIONS, et. al.,<br><br>　　　　Defendants.<br>_____/ | CV F   CV F 03 6835 REC LJO P<br><br>ORDER DENYING MOTION TO INCLUDE<br>DOCUMENTS (Doc. 30) |

　　Byron G. Martin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 14, 2003 in the U.S. District Court for the District of Vermont. The action was transferred to this Court on December 4, 2003.

　　On April 2, 2004, the Court dismissed the Complaint with leave to amend finding that Plaintiff failed to state a claim against the Director of the California Department of Corrections or the Warden of Avenal State Prison, wherein the allegations in the Complaint arose. Plaintiff filed an Amended Complaint on May 3, 2004.

　　The Court dismissed the Complaint for the second time on July 15, 2005. Plaintiff filed a Second Amended Complaint on August 12, 2005. On June 6, 2006, the Court dismissed the Complaint again and Plaintiff filed a Third Amended Complaint on June 19, 2006. This

1  Complaint is pending review by the Court.

2      On February 20, 2006, Plaintiff filed a Motion to Include documents where he requests
3  that the Court add the attached documents to "claim."  Plaintiff states that the attached
4  documents explain his excessive force claim.

5      Plaintiff's request is denied.  Generally, it is not necessary to attach exhibits to a
6  complaint.  <u>See</u> Rule 8, Federal Rules of Civil Procedure.  Further, the Court cannot serve as a
7  repository for the parties' evidence.  Originals or copies of evidence (i.e., prison or medical
8  records, witness affidavits, etc.) should not be submitted until the course of litigation brings the
9  evidence into question (for example, on a motion for summary judgment, at trial, or when
10 requested by the court).  At this point, the submission of evidence is premature as the Plaintiff is
11 only required to state a prima facie claim for relief.

12     Finally, even were the submission of evidence at this stage in the litigation proper,
13 because all documents submitted by the Plaintiff are electronically scanned and kept in the
14 docketing system in electronic form, it is not possible to remove copies from one pleading and
15 "attach" them to another.

16     Accordingly, the Court HEREBY ORDERS:

17     1.    The Motion to Attach the submitted documents to Plaintiff's Third Amended
18         Complaint is DENIED.

19 IT IS SO ORDERED.

20     Dated:    **February 27, 2007**            **/s/ Dennis L. Beck**
   3b142a                                           UNITED STATES MAGISTRATE JUDGE
21