# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON G. MARTIN, | CASE NO. 1:03-cv-06835-LJO-NEW (DLB) PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION PROCEED ON PLAINTIFF'S EIGHTH AMENDMENT AND DUE PROCESS CLAIMS, AND PLAINTIFF'S SUPERVISORY LIABILITY CLAIM BE DISMISSED |
| v. | |
| COMMISSIONER OF CALIFORNIA DEPT. OF CORRECTIONS, et al., | |
| Defendants. | (Doc. 20) |
| _____/ | |

I.    Findings and Recommendations Following Screening of Plaintiff's Second Amended Complaint

   A.    Procedural History

   Plaintiff Byron G. Martin ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 6, 2006, the court issued an order finding that plaintiff's second amended complaint stated Eighth Amendment claims against defendant Doe 1 for use of excessive force, and against defendant Doe 2 for failing to protect plaintiff, but did not state any other cognizable claims for relief.  (Doc. 22.)  Plaintiff was ordered to either file a third amended complaint or notify the court of his willingness to proceed only on the claims found to be cognizable by the court.  (Id.)  On June 19, 2006, plaintiff notified the court that he is willing to proceed only on his cognizable claims against defendants Doe 1 and Doe 2.  (Doc. 23.)  Based on plaintiff's notice, this Findings and Recommendations now issues.

///

///

1

1    B.    Screening Requirement

2    The court is required to screen complaints brought by prisoners seeking relief against a

3  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

10    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

11  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.

12  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

13  plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

14  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

15  grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only

16  if it is clear that no relief could be granted under any set of facts that could be proved consistent with

17  the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

18  the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

19  the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey,

20  353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

21  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

22  opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

23  2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

24  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

25  complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l

26  Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

27  266, 268 (9th Cir. 1982)).

28  ///

C.    Plaintiff's Section 1983 Claims

Plaintiff is currently incarcerated in Vermont.  At the time of the events at issue in this action, plaintiff was incarcerated at Avenal State Prison in Avenal, California.  Plaintiff is seeking money damages from defendants John Does 1, 2, 3, and 4.  Plaintiff alleges claims for relief against Doe 1 for use of excessive physical force, against Doe 2 for failure to protect plaintiff from harm, against Doe 4 for denial of procedural due process, and against Doe 3, the warden, for supervisory liability.

1.    Excessive Force Claim

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted).

///

1  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end

2  it."  Id.

3    Plaintiff alleges that on April 1, 2001, defendant Doe 1 kicked him, handcuffed him so tightly

4  that his hands immediately turned red and swelled, knocked him to the ground, and pushed his face

5  into the asphalt.  Plaintiff alleges that he bled profusely from his face, shoulder, and arm as a result

6  of the beating.  These allegations are sufficient to give rise to a claim for relief under section 1983

7  against defendant Doe 1 for use of excessive physical force, in violation of the Eighth Amendment.

8  Fed. R. Civ. P. 8(a).

9        2. Failure to Protect Claim

10    Plaintiff alleges that defendant Doe 2 was present during the beating and did nothing to

11  protect plaintiff.  To constitute cruel and unusual punishment in violation of the Eighth Amendment,

12  prison conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v.

13  Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh,

14  prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and

15  personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray,

16  682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect

17  inmates from physical abuse.  Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511

18  U.S. 825, 833 (1994).  To establish a violation of this duty, the inmate must establish that prison

19  officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety.

20  Farmer, 511 U.S. at 834.  The deliberate indifference standard involves an objective and a subjective

21  prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer

22  at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[]

23  of and disregard[] an excessive risk to inmate health or safety."  Id. at 837.

24    An officer can be held liable for failing to intercede if he had a "realistic  opportunity" to

25  intercede.  Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000).  Plaintiff's allegations are

26  sufficient to give rise to a claim for relief under section 1983 against defendant Doe 2 for failing to

27  protect plaintiff, in violation of the Eighth Amendment. Fed. R. Civ. P. 8(a).

28

3.     Due Process Claim[1]

Plaintiff alleges that he was found guilty of assaulting an officer, and he spent ten months in segregation and two extra months in prison as a result.  Plaintiff alleges that he was innocent of the charge and defendant Doe 4 did not allow him to call any witnesses.[2]

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005).  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."  Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff has not alleged any facts demonstrating the existence of a protected liberty interest in remaining free from segregation.  Sandin, 515 U.S. at 484; Myron, 476 F.3d at 718.  Therefore, plaintiff's allegation that he spent ten months in segregation does not support a claim that plaintiff was deprived of a protected liberty interest without due process of law.  However, plaintiff does have a protected liberty interest in the length of his sentence.  Sandin, 515 U.S. at 477-78 (citing with approval Wolff, 418 U.S. at 557 (state-created interest in shortened prison sentence is an interest of "real substance")).  Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination

---

[1] In the order filed on June 6, 2006, the court found that plaintiff's due process claim was barred by the habeas termination rule.  However, for the reasons set forth herein, the undersigned finds that the claim does not appear to be barred.

[2] In his second amended complaint, plaintiff described Doe 4 as the committee which found him guilty. (Doc. 20.)  In his response filed on June 19, 2006, plaintiff clarified that Doe 4 was the hearing officer.  (Doc. 23.)

of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). However, plaintiff's allegations indicate that he finished serving his sentence. Therefore, plaintiff's damages claim, at the pleading stage, is not barred by the habeas termination rule. See Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005); Nonnette v. Small, 316 F.3d 872, 876 (9th Cir. 2002).

Having established the existence of a protected liberty interest in the length of his sentence, the inquiry turns to what process is due. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

Plaintiff's allegation that he was not allowed to call any witnesses is sufficient to give rise to a claim for relief under section 1983 against Doe 4 for denial of procedural due process. Fed. R. Civ. P. 8(a).

4.   Supervisory Liability Claim

Finally, plaintiff alleges that defendant Doe 3, the warden, is liable for failing to supervise the subordinates who violated plaintiff's rights, and for failing to train his officers to act professionally. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional

violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either:  personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not alleged any facts indicating that defendant Doe 3 personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black at 646. Therefore, plaintiff fails to state a claim against defendant Doe 3 and this claim shall be dismissed.

D.   Conclusion

Plaintiff's second amended complaint states cognizable claims for relief under section 1983 against defendant Doe 1 for use of excessive physical force, against defendant Doe 2 for failure to protect plaintiff from harm, and against defendant Doe 4 for denial of procedural due process. However, plaintiff's second amended complaint does not state a cognizable claim for relief under section 1983 against defendant Doe 3, the warden, for supervisory liability.  Plaintiff was provided with the opportunity to file a third amended complaint but opted to proceed on the claims found to be cognizable by the court.

On February 2, 2007, and April 13, 2007, plaintiff notified the court that Doe 1 is Correctional Officer Padilla and Doe 2 is Correctional Officer Rauh.  Accordingly, defendants will be identified by their names.

Based on plaintiff's notice filed June 19, 2006, it is HEREBY RECOMMENDED that:

1.   This action proceed on plaintiff's second amended complaint, filed August 12, 2005, against defendant Padilla aka Doe 1 for use of excessive physical force, against

1    defendant Rauh aka Doe 2 for failure to protect plaintiff from harm, and against

2    defendant Doe 4 for denial of procedural due process; and

3    2.    Plaintiff's claim for relief against defendant Doe 3, the warden, for supervisory

4    liability be dismissed, with prejudice, for failure to state a claim upon which relief

5    may be granted under section 1983.

6    These Findings and Recommendations will be submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

8    **days** after being served with these Findings and Recommendations, plaintiff may file written

9    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

10   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

11   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

12   1153 (9th Cir. 1991).

13

14   IT IS SO ORDERED.

15   **Dated:   May 1, 2007**          _____ **/s/ Dennis L. Beck** _____

16                                                    UNITED STATES MAGISTRATE JUDGE