# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON G. MARTIN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　　Defendants.<br>_____/ | 1:03-cv-06835-LJO-GSA-PC<br><br>ORDER DENYING REQUEST FOR APPLICATION OF NON-PRISONER PROVISIONS OF LOCAL RULE<br>(Doc. 53) |

　　　Byron G. Martin ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.   Plaintiff initiated this action on November 14, 2003 at the United States District Court for the District of Vermont. The action was transferred to this court on December 4, 2003 and received on December 15, 2003.  (Doc. 1.)

　　　On March 14, 2008, defendants filed a request for the court to apply the non-prisoner provisions of Local Rule 78-230 to this action.  (Doc. 53.)   Defendants note that plaintiff is no longer a state prisoner, as indicated from his change of address and confirmed during several telephone conversations with plaintiff.  (Motion at pg. 2 ¶2.)  Due to plaintiff's release from custody, defendants request the court to apply the non-prisoner provisions of Local Rule 78-230 to plaintiff's action.

1     Local Rule 78-230 governs the court's civil motion calendar and procedure.  Rule 78-230(m) provides exceptions to the rule for motions in prisoner cases, defined as "cases wherein one party is incarcerated and proceeding in propria persona."  L.R. 78-230(m).  The main exception to the rule is that motions in prisoner cases are "submitted upon the record without oral argument unless otherwise ordered by the Court."  Id.

    At the time plaintiff's action was transferred to this court, plaintiff was incarcerated at a correctional institution and proceeding in propria persona.  Therefore, the court designated the case as a prisoner case.  (See Court Docket.)  On November 16, 2007, plaintiff filed a notice of change of address, indicating his residence at a street address in Barton, Vermont.  (Doc. 51.)

    Defendants correctly observe that, due to plaintiff's change in custody, this case does not currently fit within the definition of a prisoner case as stated in Rule 78-230(m).  However, for practical reasons, when a case is designated a prisoner case at the court, the designation usually remains the same until the case is closed.  The court is obligated by law to follow distinctly different rules and procedures when managing prisoner case litigation, and continuity is necessary for the court to manage its docket.  It is not unusual for a prisoner who is released from custody to later return to custody, only to be released again at a later time.  This court has hundreds of pending prisoner cases, and it would create an enormous burden, with little benefit, to change the designation of a case, and the court procedures followed, with each change of a litigant's custody status.  For these reasons, this case shall remain a prisoner case at this time, and defendants' motion shall be denied.

    Accordingly, IT IS HEREBY ORDERED that defendants' motion for the court to apply the non-prisoner provisions of Local Rule 78-230 to this action is DENIED.

IT IS SO ORDERED.

Dated:   **August 3, 2008**        /s/ **Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE