UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON G. MARTIN, | 1:03-cv-06835-LJO-GSA-PC |
| Plaintiff, | SECOND SCHEDULING ORDER |
| v. | ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER THEY CONSENT TO MAGISTRATE JUDGE JURISDICTION WITHIN THIRTY DAYS |
| C/O RAUH and C/O PADILLA, | |
| Defendants. | ORDER DIRECTING CLERK'S OFFICE TO SEND LOCAL RULE 16-281 TO PLAINTIFF AND CONSENT FORMS TO PARTIES |
| | Mandatory Confidential Settlement Conference Statement Deadline: January 6, 2009 |
| | Telephonic Settlement Conference: January 13, 2009, at 10:00 a.m. Courtroom 7 (SMS) |
| | Motions in Limine Deadline: February 2, 2009 |
| | Telephonic Trial Confirmation Hearing: March 6, 2009, at 1:30 p.m. Courtroom 4 (LJO) |
| | Jury Trial: March 16, 2009, at 8:30 a.m. Courtroom 4 (LJO) |

Plaintiff Byron G. Martin ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's Second Amended

1

1  Complaint, filed August 12, 2005, against defendant C/O Rauh for use of excessive force against
2  plaintiff, and defendant C/O Padilla for failure to protect plaintiff from harm.[1]  (Doc. 20.)  Pursuant
3  to Rule 16(b) of the Federal Rules of Civil Procedure, the court will, by this order, set a further
4  schedule for this litigation.

5       The parties are required to file pre-trial statements in accordance with the schedule set forth
6  herein.  In addition to the matters already required to be addressed in the pre-trial statement in
7  accordance with Local Rule 16-281, plaintiff will be required to make a particularized showing in
8  order to obtain the attendance of witnesses.  The procedures and requirements for making such a
9  showing are outlined in detail below.  **Plaintiff is advised that failure to comply with the**
10  **procedures set forth below may result in the preclusion of any and all witnesses named in his**
11  **pre-trial statement.**

12       At the trial of this case, plaintiff must be prepared to introduce evidence to prove each of the
13  alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial
14  evidence: (1) exhibits and (2) the testimony of witnesses.  It is plaintiff's responsibility to produce
15  all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness
16  testimony.  If plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure
17  that the witnesses will be at the trial and available to testify.

18       1.    <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify</u>
19  <u>Voluntarily</u> - An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot
20  come to court unless this court orders the warden or other custodian to permit the witness to be
21  transported to court.  This court will not issue such an order unless it is satisfied that: (a) the
22  prospective witness is willing to attend; <u>and</u> (b) the prospective witness has actual knowledge of
23  relevant facts.
24  ///

---

[1] One of the defendants named in the original complaint, the Director of the CDC, was omitted from plaintiff's First Amended Complaint filed May 3, 2004.  (Doc. 14.)  The First Amended complaint named as defendants Doe #1, Doe #2, Warden of Avenal State Prison aka Doe #3, and a committee of CDC hearing officers aka Doe #4.  Id.  The Second Amended Complaint also named Does #1-4.  (Doc. 20.)  On February 2, 2007, plaintiff identified Doe #1 and Doe #2 as C/O Padilla and C/O Rauh , respectively.  (Doc. 27.)  The court dismissed the Warden aka Doe #3 from this action on June 22, 2007, for plaintiff's failure to state a claim upon which relief may be granted.  (Docs. 34, 41.)

1    A party intending to introduce the testimony of incarcerated witnesses who have agreed
2 voluntarily to attend the trial must serve and file <u>concurrent with the pre-trial statement</u> a written
3 motion for a court order requiring that such witnesses be brought to court at the time of trial.  The
4 motion must: (1) state the name, address, and prison identification number of each such witness; and
5 (2) be accompanied by declarations showing that each witness is willing to testify and that each
6 witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for
7 Attendance of Incarcerated Witnesses."

8    The willingness of the prospective witness can be shown in one of two ways: (1) the party
9 himself can swear by declaration under penalty of perjury that the prospective witness has informed
10 the party that he or she is willing to testify voluntarily without being subpoenaed, in which
11 declaration the party must state when and where the prospective witness informed the party of this
12 willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the
13 prospective witness, in which the witness states that he or she is willing to testify without being
14 subpoenaed.

15    The prospective witness's actual knowledge of relevant facts can be shown in one of two
16 ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness
17 or an ear-witness to the relevant facts (i.e., if an incident occurred in plaintiff's cell and, at the time,
18 plaintiff saw that a cellmate was present and observed the incident, plaintiff may swear to the
19 cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that
20 the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed
21 under penalty of perjury by the prospective witness in which the witness describes the relevant facts
22 to which the prospective witness was an eye- or ear-witness.  Whether the declaration is made by the
23 party or by the prospective witness, it must be specific about the incident, when and where it
24 occurred, who was present, and how the prospective witness happened to be in a position to see or
25 to hear what occurred at the time it occurred.

26    The court will review and rule on the motion for attendance of incarcerated witnesses,
27 specifying which prospective witnesses must be brought to court.  Subsequently, the court will issue
28 the order necessary to cause the witness's custodian to bring the witness to court.

**Motions for the attendance of incarcerated witnesses, if any, must be filed on or before January 22, 2009.  Oppositions, if any, must be filed on or before February 10, 2009.**

2. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u> - If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pre-trial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u> - It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the court.

4. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u> - If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena.  Fed. R. Civ. P. 45.  In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness.  <u>Id</u>.  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness's travel expenses</u>.  28 U.S.C. § 1821.

If plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, plaintiff must first notify the court in writing of the name and location of each unincarcerated witness.  The court will calculate the travel expense for each unincarcerated witness and notify plaintiff of the amount(s).  Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00.  <u>The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the court</u>.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

**If plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, plaintiff must submit the money orders to the court no later than**

**February 10, 2009.** In order to ensure timely submission of the money orders, plaintiff should notify the court of the names and locations of his witnesses, in compliance with step one, as soon as possible.

     5.    <u>Motions In Limine Hearing and Briefing Schedule</u>

Any party may file a motion in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules do not explicitly provide for the filing of motions in limine, the Court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. <u>Luce v. United States</u>, 469 U.S. 38, 41 n. 4 (1984); <u>Jonasson v. Lutheran Child and Family Services</u>, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. <u>Id</u>.; <u>Hawthorne Partners v. AT & T Technologies, Inc.</u>, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

All motions in limine must be served on the other party, and filed with the Court, by **February 2, 2009**. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party, and filed with the Court, by **February 16, 2009**.

If any party files a motion in limine, the Court will hear and decide such motions at the telephonic Trial Confirmation Hearing on **March 6, 2009** at **1:30 p.m.**

Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.

     6.    <u>Other Pretrial Motions Schedule</u>

All pretrial motions other than motions in limine must be served on the other party, and filed by the Court, by **February 2, 2009**.

Any opposition to a pretrial motion must be served on the other party, and filed with the court, by **February 16, 2009**.

///

7. <u>Other</u>

The parties are advised that failure to file pre-trial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

Finally, the court shall direct the Clerk's Office to provide the parties with consent/decline forms. Within thirty days from the date of service of this order, the parties shall inform the court whether they consent to or decline Magistrate Judge jurisdiction by filling out the forms and returning them to the court.

Accordingly, the court HEREBY ORDERS as follows:

1. This matter is set for telephonic settlement conference before the Honorable Sandra M. Snyder on **January 13, 2009 at 10:00 a.m.** in Courtroom 7;

2. This matter is set for telephonic trial confirmation hearing before the Honorable Lawrence J. O'Neill on **March 6, 2009 at 1:30 p.m.** in Courtroom 4;

2. This matter is set for jury trial before the Honorable Lawrence J. O'Neill on **March 16, 2009, at 8:30 a.m.** in Courtroom 4;

3. Counsel for defendants is required to arrange for the participation of plaintiff in the telephonic trial confirmation hearing and to initiate the telephonic hearing at **(559) 499-5680**;

4. Plaintiff shall serve and file a pretrial statement as described in this order on or before **January 22, 2009**;

5. Defendants shall serve and file a pretrial statement as described in this order on or before **February 18, 2009**;

6. In addition to electronically filing their pretrial statement, defendants shall e-mail the pretrial statement to: ljoorders@caed.uscourts.gov;

7. If plaintiff intends to call incarcerated witnesses at time of trial, plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **January 22, 2009**;

///


8. The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **February 10, 2009**;

9. If plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, plaintiff must submit the money orders, as described in subsection 4 of this order, to the court on or before **February 10, 2009**;

10. The Clerk's Office shall send the parties consent/decline forms;

11. **Within thirty (30) days** from the date of service of this order, the parties shall notify the court whether they consent to or decline Magistrate Judge jurisdiction by filling out the enclosed forms and returning them to the court; (if a settlement Conference goes forward with Magistrate Judge Snyder, and there is subsequent consent of all parties, this Court will select a different Magistrate Judge for the trial.;  and

12. The Clerk's Office shall send plaintiff a copy of Local Rule 16-281.

IT IS SO ORDERED.

**Dated:   December 23, 2008**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE